■ THE PROMENADE, Through its Board of Managers, Respondent, v SCHINDLER ELEVATOR CORPORATION, as Successor in Interest to WESTINGHOUSE ELEVATOR COMPANY, a Division of SCHINDLER CORP., Appellant, et al., Defendants. (And Other Actions.) [768 NYS2d 435]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered June 25, 2003, which denied defendant-appellant elevator company's motion for partial summary judgment dismissing plaintiff condominium's claims for breach of the parties' 1989 maintenance contract and for personal injuries sustained by building residents, guests and employees, unanimously modified, on the law, to dismiss the claims for personal injuries, and otherwise affirmed, without costs.

Although the complaint does not assert a separate claim against appellant for personal injuries sustained by building residents, guests and employees, and although plaintiff represents that it makes no such claims, its discovery responses do cite such injuries as an element of its damages. As plaintiff does not have standing to raise such claims (Real Property Law § 339-dd; *see Koatz v 1776 Second Ave. Assoc.*, 244 AD2d 201 [1997]), we modify to clarify that any such claims are dismissed.

While the complaint does not specifically recite the 1989 maintenance contract, it does allege that appellant "fail[ed] to make repairs and provide proper servicing of its equipment." Furthermore, plaintiff's first set of interrogatories alleges that appellant failed not only to resolve certain specified construction or design-related defects but also "to make appropriate repairs from October 5, 1988 and continuing." Together, these allegations gave appellant fair and timely notice that plaintiff was putting in issue not only the installation and one-year maintenance components of the 1985 installation contract between appellant and the building's general contractor, but also the 1989 maintenance contract between appellant and plaintiff. Dismissal of plaintiff's claims based on the 1989 contract is not required simply because plaintiff's property manager testified that he does not "understand" plaintiff's claims to be based thereon. Concur—Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.